JOHN J. CAVANAGH v. THE BOARD OF POLICE COM-MISSIONERS OF THE CITY OF HOBOKEN.

Where a board of police commissioners has the power to try a member of the police force on a charge duly made against him, and the charge is sustained on a fair trial, this court will not, on *certiorari*, weigh the evidence on which the board acted. It is enough that there was evidence on which the prosecutor was found guilty, and which formed a rational basis for the judgment against him.

On *certiorari.*

Argued at February Term, 1896, before Justices LIPPINCOTT and LUDLOW.

For the prosecutor, *William S. Stuhr.*

For the defendant, *James F. Minturn.*

The opinion of the court was delivered by

LUDLOW, J. The prosecutor was a patrolman on the police force of Hoboken, and on December 9th, 1895, was dismissed from the service by the board of police commissioners in said city for misconduct.

This *certiorari* brings up for review the proceedings and action of said board removing him from said office.

It appears from the return to the said writ and the evidence therewith that Mr. Cavanagh was charged with misconduct—conduct unfit for a policeman—forbidden by the rules and regulations established by the police department of said city, and justifying his dismissal.

The said charge was made in writing, signed by the person making it, and duly and properly filed, and after reasonable notice to him (as to which notice no objection was or is made on the part of the prosecutor), and after his plea of not guilty thereof, the said charge against him was publicly examined into by said board of police commissioners of the city of Hoboken, the appropriate municipal board, in his presence and in the presence of his counsel, in such manner of examination as prescribed by the properly established rules and regulations governing the same, and from the evidence before us it is shown that he was given a fair trial upon said charge and every reasonable opportunity to make his defence thereto, such as he had or chose to make. Witnesses were produced and examined and cross-examined by both parties. At the close of the examination the said board found he was guilty of the said charge against him, and thereupon dismissed him from the police force of said city forthwith.

It is the province of this court to see that rights given to such officers under our statutes are secured to them, and it does not appear that in this case there has been any disregard of such rights of the prosecutor.

In *Devault* v. *Mayor of Camden*, 19 *Vroom* 434, in this court, Mr. Justice Dixon held: "The technical rules that have been judicially adopted with regard to inferior criminal prosecutions are not to be applied to these investigations, for while

it is proper that proceedings to deprive persons of common rights for alleged crimes should be confined by somewhat strict limits, the removal of incompetent or ill-behaved officials from their exceptional positions of authority and responsibility should be easy and prompt, and no forms should be requisite which are not in themselves substantial safeguards of justice."

The defendant board had the power to try the prosecutor as he was tried on the charge which was duly made against him, and if the charge was sustained on a fair trial, it had the power to dismiss him from the police force. The court will not weigh the evidence on which the board acted; it is enough that there was evidence on which the board found the prosecutor guilty of the charge, and that such evidence, whether weak or strong, formed a rational basis for its judgment against him. *Devault* v. *Mayor of Camden*, 19 *Vroom* 433; *Ayers* v. *Newark*, 20 *Id.* 170; *Ackerly* v. *Jersey City*, 25 *Id.* 310.

The reasons which are assigned by the prosecutor for reversal of the action of the defendant board in dismissing him from the police force of Hoboken, are based on the insufficiency of the proof of his guilt and on technical points relating to the conduct of his trial, none of which reasons, in our judgment, have sufficient foundation, in law or in fact, to warrant our interference with the action of said board.

The dismissal of Mr. Cavanagh from his said office by said defendant board was legal, and is affirmed, with costs.